IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **RAYMOND MICHAEL SAUNDERS** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 1:21-cv-23-LG-MTP** |
| **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **DEFENDANT** |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**BEFORE THE COURT** are the [14] Report and Recommendation entered by United States Magistrate Judge Michael T. Parker on July 14, 2022. Plaintiff, Raymond Michael Saunders, has filed an [15] Objection to the Report and Recommendation. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the decision of the Commissioner should be affirmed.

### BACKGROUND

Pursuant to 42 U.S.C. § 405(g), Plaintiff Raymond Michael Saunders seeks judicial review of the Commissioner's decision to deny his claim for disability insurance benefits and supplemental security income. He alleges a disability onset date of February 28, 2014, due to anxiety, a mental condition, and insomnia. (Admin. R., at 225, ECF No. 7).

Plaintiff's claim was denied by the Social Security Administration, but an Administrative Law Judge ("ALJ") heard his claim on June 12, 2019. (*Id.* at 122). The ALJ issued a favorable decision on July 8, 2019. (*Id.* at 248). The Appeals

Council, on automatic review, found that insufficient evidence supported the ALJ's findings and remanded the case to the ALJ with instructions. (*Id.* at 80-81). The ALJ held a second hearing on August 14, 2020. (*Id.* at 28). The ALJ issued a decision that Plaintiff was not disabled on September 2, 2020. (*Id.* at 28-43). On November 17, 2020, the Appeals Council denied Plaintiff's Request for Review (*Id.* at 14), resulting in the instant appeal.

The Complaint in this action was filed January 20, 2021. Plaintiff raises the following issue in his appeal:

> (1) The ALJ's determination of whether Plaintiff met or medically equaled Listing 12.06 or 12.10 was unsupported by substantial evidence where the ALJ failed to properly evaluate the opinions of Dr. Zakaras, Dr. Romero, APRN Burroughs, and Dr. Barrilleaux.

(Pl.'s Mem., at 1, ECF No. 9). On July 14, 2022, the Magistrate Judge issued a [14] Report and Recommendations which recommends that the decision of the Commissioner be affirmed and Plaintiff's appeal be dismissed with prejudice. Plaintiff filed [15] Objections to the Report and Recommendations, and the issues are now ripe for disposition.

## DISCUSSION

### I. Standard of Review

The standard of review for social security disability cases is limited to a determination of "(1) whether the Commissioner applied the proper legal standard, and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

A court reviewing the Commissioner's decision is not permitted to "re-weigh the evidence but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The court is not permitted to substitute its judgment for that of the Commissioner. *Villa*, 895 F.2d at 1022.

## II. The ALJ's Decision

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether:

> (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.

*Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). "If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability." *Id.*

At step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Admin. R., at 31, ECF No. 7). At step 2, the ALJ found that Plaintiff has the following severe impairments that limit his

ability to perform basic work activities: anxiety disorder and autism spectrum disorder. (*Id.*). The ALJ also found that Plaintiff's poly-substance abuse is a non-severe impairment which is in remission. (*Id.*).

At step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 32). The ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, except that:

> [H]e can understand and remember simple, routine tasks and sustain these tasks for two hours at a time throughout an eight-hour workday. He should not work in positions that involve interaction with the public or work in hospitality or medical fields. He can tolerate occasional interaction with coworkers and supervisors. He can tolerate occasional workplace changes.

(*Id.* at 34).

At step 4, the ALJ further found that Plaintiff is unable to perform any past relevant work. (*Id.* at 41). The ALJ concluded, based on testimony given by a vocational expert, that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 42). Therefore, the ALJ determined that Plaintiff is not disabled. (*Id.* at 42-43).

### III. Plaintiff's Appeal

Plaintiff claims that the ALJ erred by failing to evaluate properly the opinions of Dr. Zakaras, Dr. Barrilleaux, Dr. Romero, and APRN Burroughs. (Pl.'s Mem., at 1, ECF No. 9). He repeats these claims in his Objections to the Magistrate Judge's Report and Recommendations. (Pl.'s Obj. R. & R. Magistrate Judge, ECF

No. 15). Plaintiff argues that, were these opinions properly evaluated, he would have been found to meet or medically equal Listing 12.06 (anxiety and obsessive-compulsive disorders) or 12.10 (autism spectrum disorder) and thus be found to be disabled. (Pl.'s Mem., at 1, ECF No. 9).

To meet these listings, an applicant must show that he is burdened by limitations called the "paragraph B" criteria. These limitations include (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt and manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.06(B), 12.10(B). "To satisfy the paragraph B criteria, [the] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(2)(b). The ALJ found that Plaintiff did not have the requisite two marked limitations, a finding which he disputes.

First, Plaintiff argued that the ALJ should have found that he has a marked limitation in "interacting with others." The ALJ, conversely, found that Plaintiff had only a moderate limitation in "interacting with others." (Admin. R., at 33, ECF No. 7). He observed that Plaintiff was sufficiently able to control his anxiety during the hearing and displayed social skills, politeness, eye contact, and a normal appearance. (*Id.*). The ALJ also found that Plaintiff did not exhibit inclination toward violence or "untoward social behavior" and that there was no record in his examinations of an inability to communicate. (*Id.*). Plaintiff also maintains a lawn

care business which is marketed through word-of-mouth and online and which requires interpersonal interaction. (*Id.* at 32).

Second, Plaintiff argued that the ALJ should have found that he has a marked limitation in "concentrating, persisting, and maintaining pace." The ALJ found that Plaintiff had only a mild limitation in "concentrating, persisting, and maintaining pace" due to his observations of Plaintiff's ability to concentrate and respond to questions. (*Id.* at 33). Plaintiff exhibited "adequate memory" and "adequate judgment" with an overall ability to conduct himself during the hearing. (*Id.*). He also noted that nothing appeared in Plaintiff's medical history, work history, or family history which contradicted these findings. (*Id.*). Plaintiff's ability to drive, play video games, and read books evinces an ability to concentrate, persist, and maintain pace. (*Id.* at 32-33).

Plaintiff objects to these findings and cites four experts in support of his argument. In his decision, the ALJ stated that he found the opinions of these experts unpersuasive. (Admin. R., at 36, ECF No. 7). Social security regulations govern the ALJ's treatment of medical opinions. *See* 20 C.F.R. § 404.1520c. These regulations provide that the ALJ utilizes five factors in examining medical opinions—supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* at § 404.1520c(c). However, the ALJ is only required to explain his application of the supportability and consistency factors. *Id.* at § 404.1520c(b)(2). In his Report and Recommendation, Judge Parker reviews the ALJ's evaluation of these medical opinions.

First, with respect to Dr. Zakaras, the Magistrate Judge notes that the ALJ found his opinion unpersuasive due to his lack of "progress notes" accompanying his opinion, and his opinion's inconsistency "with the conservative care and benign mental status findings in the record as a whole." (Admin R., at 40, ECF No. 7). Further, the Magistrate Judge notes that the two progress notes that *were* submitted by Dr. Zakaras are terse, illegible, and restricted to the period of July 2012 to November 2013. (R. & R., at 9, ECF No. 14). The Magistrate Judge concluded that the ALJ applied the medical opinion factors properly and with substantial evidence to support his conclusions.

Plaintiff continues to object to this assessment of Dr. Zakaras's opinion, contending "that the ALJ is not permitted to reject the opinion on the mere basis that Dr. Zakaras did not submit his progress notes." (Pl.'s Obj., at 2, ECF No. 15). Plaintiff also contends that "the ALJ had a responsibility to develop the record and recontact Dr. Zakaras" for any supplemental documentation absent from the record. (*Id.*) (citing *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015)). Plaintiff argues that the ALJ failed to consider "ample evidence in the record that was consistent with" Dr. Zakaras's opinion. (Pl.'s Obj., at 2, ECF No. 15). Plaintiff also objects that the Magistrate Judge improperly discussed the "illegibility" of Dr. Zakaras's two progress notes, which he characterizes as a *post hoc* rationalization that is not part of the ALJ's decision. (*Id.*).

The Court disagrees. First, the ALJ did not reject Dr. Zakaras's opinion merely due to the lack of progress notes from the relevant time period. The ALJ

-7-

further found that his opinion "is not consistent with the conservative care and benign mental status findings in the record as a whole" and noted that "the medical expert testified that Dr. Zakaras's opinion was not supported by the medical record." (Admin. R., at 40, ECF No. 7). The ALJ considered and licitly rejected his medical opinion after applying the five medical opinion considerations and explaining the consistency and supportability factors. *See Moore v. Saul*, No. 3:20CV48-DPJ-MTP, 2021 WL 754833, at *2 (S.D. Miss. Feb. 26, 2021) ("Before an ALJ may discount or reject an opinion, he or she must 'articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the opinions. . . . And that decision turns on five considerations, the first two of which— supportability and consistency—reflect 'the most important factors.'") (emphasis omitted) (citing 20 C.F.R. § 404.1520c(b) & (b)(2)). Here, the ALJ applied the medical opinion factors and gave adequate reasons for rejecting Dr. Zakaras's medical opinion.

Second, as the case cited by Plaintiff explains, "the ALJ's duty [is] one of developing 'all relevant facts,' not collecting all existing records." *Sun*, 793 F.3d at 509. Here, Plaintiff does not explain what fact(s) were omitted by the ALJ in his decision, nor does he enumerate what "ample evidence" the ALJ failed to consider. On the contrary, there is no indication that the ALJ omitted any evidence; rather, he engaged in a "careful consideration of all the evidence" and a "careful consideration of the entire record." (Admin. R., at 29, 31, ECF No. 7). Plaintiff proposes that the Court inappropriately "re-weigh the evidence, try the case *de*

*novo*, or substitute its own judgment for that of the ALJ." *Magee v. Astrue*, No. 1:09CV620-HSO-JMR, 2011 WL 1226011, at *2 (S.D. Miss. Mar. 29, 2011) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)).

Third, Plaintiff argues that the Magistrate Judge should not have rationalized the ALJ's rejection of Dr. Zakaras's notes, which were in the record, by finding them illegible. (*See* Admin. R., at 610-14, ECF No. 7). As noted above, the ALJ considered the entire record, including Dr. Zakaras's progress notes, in making his findings. (*Id.* at 29, 31). It is true that the Magistrate Judge made this additional passing observation about evidence which *was* explicitly considered and rejected by the ALJ. But Plaintiff does not explain how any such procedural impropriety would affect his substantial rights, given that the notes were part of the record. *See Muscarella v. Barnhart*, 117 F. App'x 333, 334 (5th Cir. 2004); *Moore v. Social Sec. Admin.*, 153 F. App'x 945, 946 (5th Cir. 2005). Further, the Magistrate Judge cites *Myers v. Apfel* and its list of certain "good cause" justifications to reject medical testimony, including, *inter alia*, statements by physicians which are "brief and conclusory." 238 F.3d 617, 621 (5th Cir. 2001); (R. & R., at 10, ECF No. 14).

With respect to Dr. Barrilleaux, who conducted a mental status evaluation of Plaintiff, the ALJ reviewed his opinion and found that, beyond a reference to Plaintiff's "poor abstract reasoning ability," his mental condition was "otherwise unremarkable." (Admin. R., at 40, ECF No. 7). The ALJ found, again, that his "opinion is not consistent with or supported by the conservative care and benign

mental status findings in the record as a whole" and noted that "the medical expert testified that Dr. Barrilleaux's opinion was not supported by the medical record as well." (*Id.*). The Magistrate Judge thereby found that the ALJ properly applied the medical opinion factors to Dr. Barrilleaux's opinion and was supported by substantial evidence.

Plaintiff objects to this assessment of Dr. Barrilleaux's testimony, arguing that "ample evidence . . . supported Dr. Barrilleaux's opinion" which conflicts with the ALJ's findings. (Pl.'s Obj., at 3-4, ECF No. 15). Plaintiff calls attention to notes by Dr. Barrilleaux "that Plaintiff was extremely anxious and moving his hands nervously, that his delayed recall was fair, and that his judgment was fair," and evidence that Plaintiff had more severe social limitations. (*Id.*). However, although Plaintiff draws attention to arguably contradictory evidence which he considers favorable to his position, there is no indication that the ALJ did not consider these notes and observations in rendering his decision. "[C]onflicts in the evidence, including medical opinions, are to be resolved by the Secretary, not by the courts." *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981)). Further, "[a]n ALJ may properly reject all or portions of a physician's opinion when the overall evidence supports a contrary conclusion." *Malone v. Comm'r of Soc. Security*, 186 F. Supp. 3d 553, 559 (N.D. Miss. 2016) (citing *Marinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)). The ALJ explicitly found that "the record as a whole" was inconsistent with the testimony of

Dr. Barrilleaux. The Court cannot substitute its judgment for that of the ALJ with respect to the weight of this evidence.

With respect to Dr. Maryellen Romero, who conducted a neuropsychological evaluation of Plaintiff on March 18, 2019 (Admin. R., at 37, ECF No. 7), the ALJ found that "it appears to be for the most part, based upon subjective reporting rather than objective findings." (*Id.* at 40). The ALJ once again rejected Dr. Romero's conclusions due to their inconsistency with the benign mental status findings and conservative care in the record. (*Id.*). The ALJ was also persuaded by testimony of the medical expert, who testified that Dr. Romero's diagnosis of Plaintiff with level 1 autism spectrum disorder was "essentially evidence of difficulty and/or inflexibility in interactions." (*Id.*). The ALJ also reviewed evidence that Plaintiff had completed an associate's degree and was taking classes at the University of Southern Mississippi for a bachelor's degree. (*Id.*). Again, the Magistrate Judge found that the ALJ properly applied the medical opinion factors and that his findings were supported by substantial evidence.

Plaintiff objects that the ALJ and the Magistrate Judge "ignored ample evidence gathered through objective testing of Plaintiff's clinically significant anxiety, an inflated and inaccurate self-image, poor awareness, low regard for others, and a markedly self-referential world view, among other findings more thoroughly discussed in Plaintiff's Brief." (Pl.'s Obj., at 4, ECF No. 15) (citing *Sonnen v. Astrue*, No. Civ. A. H-10-4109, 2012 WL 3527921, at *14 (S.D. Tex. Aug. 13, 2012)). Plaintiff also cites evidence "that reflected high levels of anxiety, poor

abstract reasoning, and poor self-awareness," as well as Dr. Romero's agreement with three other treating opinions. (Pl.'s Obj., at 4-5, ECF No. 15). Plaintiff essentially argues that the Court should accord additional weight to evidence in Plaintiff's favor than that accorded by the ALJ in his decision. The Court once again finds that it "may not re-weigh the evidence, try the case *de novo,* or substitute its own judgment for that of the ALJ." *Magee*, 2011 WL 1226011, at \*2 (citing *Hollis*, 837 F.2d at 1383). Further, the ALJ evidently found that the overall weight of the evidence contradicted Dr. Romero's opinion. *See Malone*, 186 F.Supp.3d at 559. The Court agrees that the ALJ gave adequate reasons for his treatment of this opinion.

With respect to APRN Ralph Burroughs, Plaintiff offered two progress notes from the treatment period of August 2015 to December 2019. The Magistrate Judge summarizes the notes as follows. In the first progress note from August 2015, APRN Burroughs "observed that Plaintiff was calm and cooperative during the interview, that his speech was normal, he displayed normal mood, and his concentration was good." (R. & R., at 12, ECF No. 14) (citing Admin. R., at 548, ECF No. 7). "He also found Plaintiff's thought process to be 'linear and goal directed,' observed that he exhibited good insight and good judgment, and that both his long and short-term memory was intact. APRN Burroughs found that Plaintiff's overall cognition was good, with no obvious deficits," and he was prescribed the same medicine regimen as he already had before the appointment. (R. & R., at 12, ECF No. 14) (citing Admin. R., at 548, ECF No. 7). In the second note, from June 3,

2019, APRN Burroughs summarizes Plaintiff's treatment and makes no additional observations of Plaintiff's mental state or changes to Plaintiff's medication. (R. & R., at 12, ECF No. 14) (citing Admin R., at 545, ECF No. 7). The Magistrate Judge found that the ALJ properly applied the medical opinion factors and assigned little weight to APRN Burroughs's opinion.

In objection, Plaintiff cites APRN Burroughs's notes "that Plaintiff was fidgety throughout the visit" and that he "reported a dislike for being out in public," "that he suffered from severe occupational and social dysfunctions consistent with a diagnosis of autism spectrum disorder," and "that he often deployed faulty logic in coping in situational and interpersonal interactions." (Pl.'s Obj., at 5, ECF No. 15). These arguments continue to run afoul of the admonition cited above, namely that the Court "may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the ALJ." *Magee*, 2011 WL 1226011, at *2 (citing *Hollis*, 837 F.2d at 1383).

The Court, therefore, finds no reversible error in the ALJ's decision nor in the Report and Recommendation of the Magistrate Judge. The Commissioner's decision is affirmed, and this action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [14] Report and Recommendations of the Magistrate Judge are **ADOPTED** as the opinion of this Court. The decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE